IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert Stone, | ) | C.A. No.:  2:26-cv-02858-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| Life Insurance Company of North America, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Ridgeville, South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Dorchester County, South Carolina.

III.

In this matter, Plaintiff seeks long term disability benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question.  Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)), and a number of the events transpiring during the review of Plaintiff's claim occurred in this forum.

IV.

Until May 2020, Plaintiff was employed with Lennox International, and as an employee of Lennox International, Plaintiff was provided with long term disability coverage via a plan

Page 1 of 4

which was fully insured by Defendant.  Besides being the insurer of the plan, Defendant is also

the sole entity responsible for determining whether claims such as the Plaintiff's should be paid.

Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of

deciding whether benefits are payable.  As the claim administrator, insurer, and fiduciary of the

plan in which Plaintiff participated, the Defendant is a proper party Defendant in the matter *sub*

*judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

V.

Plaintiff became disabled because of certain problems from which he suffered, Plaintiff

was forced to cease working and he filed a claim for long term disability benefits.

VI.

Defendant denied Plaintiff's claim.  Plaintiff appealed the denial and attempted to fully

exhaust administrative remedies, but Defendant has failed and refused to allow Plaintiff to

meaningfully exhaust administrative remedies because it refused to allow Plaintiff adequate time

to prepare and submit substantive materials on appeal required by 29 C.F.R. § 2560.501.

Defendant failed to provide Plaintiff a full and fair review as guaranteed by ERISA by refusing

to allow Plaintiff time to respond.  Accordingly, further attempts to exhaust administrative

remedies are futile.

VII.

Defendant made its claim decision while operating under a conflict of interest which

significantly influenced the Defendant to deny Plaintiff's claim.  The Defendant's decision was

not based upon substantial evidence or the result of a principled and reasoned decision-making

process.  Instead, the Defendant's decision was reached by Defendant ignoring relevant evidence

pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert

opinions.  Accordingly, Defendant operated under a conflict of interest which improperly and significantly influenced its claim decision.

**FOR A FIRST CAUSE OF ACTION**

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and the evidence Plaintiff intended to provide to Defendant, but which Defendant failed to consider in reaching its final claim decision, and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which he seeks under the terms of the plan.  Plaintiff tried to effectively appeal Defendant's denial, but Defendant failed to allow Plaintiff a reasonable opportunity to do so.  Also, the court should conduct a *de novo* review of Plaintiff's claim because the plan administrator's refusal to meaningfully allow Plaintiff to appeal was a breach of fiduciary duty and further attempts to exhaust administrative remedies are futile.  Alternatively, in the event that the court reviews the record and/or other relevant information and determines that the Defendant breach its fiduciary duty and/or abused its discretion by not allowing Plaintiff to meaningfully appeal, then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant.  Should the court remand the matter or award Plaintiff

any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated his complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the long term disability benefits he seeks pursuant to 29 U.S.C. §1132(a)(1)(B) and/or a remand of his claim, attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ M. Leila Louzri
M. Leila Louzri, Esq.
Federal Bar #:  12007
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, SC 29605
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:  mllouzri@fosterfoster.com

Date: July 16, 2026                    Attorneys for Plaintiff